IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02670-ZLW

DWAYNE A. HUDSON,

      Plaintiff,

v.

TEACHING HUMANE EXISTENCE,
HEATHER REHIL,
DOUG CARPENTER,
GREIG VEEDER,
PETER HEDEEN, and
ROBYN LEANDER,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR – 3 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Dwayne A. Hudson filed *pro se* on February 14, 2006, a motion titled "Motion for Reconsideration." The Court must construe the motion liberally because Mr. Hudson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten

days after the final judgment in an action should be considered pursuant to Rule 60(b).

*See id.* at 1243. Mr. Hudson's motion, which was filed more than ten days after the

Court's Order and Judgment of Dismissal, entered on January 27, 2006, and filed on

January 30, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under

Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v.*

*Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Hudson

failed within the time allowed to file an amended complaint that complied with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The basis for

the dismissal is explained in detail in the dismissal order filed on January 30, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Hudson fails to demonstrate the existence of any extraordinary circumstances

that would justify a decision to reconsider and vacate the order dismissing this action.

Therefore, the motion for reconsideration will be denied. Mr. Hudson is reminded that

the instant action was dismissed without prejudice and that, if he chooses, he may raise

his claims in a new action that complies with the pleading requirements of Fed. R. Civ.

P. 8. Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration" submitted *pro se*

by Plaintiff Dwayne A. Hudson and filed by the Court on February 14, 2006, and which

the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this _____1_____ day of _____March_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02670-BNB

Dwayne A. Hudson
Prisoner No. 1435305
Denver County Jail
PO Box 1108
Denver, CO 80201


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/06

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk